NO. 07-06-0079-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 28, 2006

_____

DEXTER DEUWN MITCHELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,843-A; HON. H. BRYAN POFF, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Dexter Deuwn Mitchell (appellant) appeals his conviction for three counts of aggravated robbery. Through a single issue, he contends that his sentence is invalid because the trial court's jury charge pertaining to the guilt-innocence phase of the proceeding was neither certified or filed of record by the trial court nor given to the jury to read during its deliberations. We overrule the issue and affirm the judgment.

Within the supplemental clerk's record received on October 17, 2006, we find a copy of the jury charge at issue. The instrument was not only signed by the judge who presided over the trial but also stamped "Filed . . . 2005 Mar -3 A 10:27 . . ." by the district court clerk. So too do we see from the reporter's record that the trial court not only afforded all counsel opportunity to object to the contents of the written document but also read the charge to the jury before closing arguments began. So, assuming *arguendo* that the written instrument was not physically given to the jury for use while deliberating, the supposed omission constituted no error. *See Jones v. State*, 220 S.W.2d 156, 161 (Tex. Crim. App. 1949) (construing a statute worded similarly to art. 36.18 of the Texas Code of Criminal Procedure and holding that the written charge need not be given the jury to consider during deliberations as long as it was read to the jurors before they began deliberating).

Having found appellant's issue meritless, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.